34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paula LARSEN, individually and as mother and next best
friend of Paul Larsen, a minor child; Paul
Larsen, Plaintiffs-Appellants,
v.
Norman S. EARLY, Jr.; Lamar Sims, Jann Dubois, Jeffrey M.
Wells, Defendants-Appellees.
 No. 94-1117.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing claims brought under 42 U.S.C.1981, 1983, 1985(3), and 1988 against several defendants, all of whom were either serving in a prosecutorial or legislative function at the time of the alleged violations. The district court found that all defendants were entitled to either prosecutorial or legislative immunity and therefore entered judgment against appellants on their complaints against Early and Sims and dismissed with prejudice the claims against Senator Wells and Mr. Dubois. The district court correctly analyzed the immunities involved in this case. We AFFIRM for substantially the reasons given by the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470